UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cody SMITH, Michelle Smith, A.S., and C.S.;<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>AMETEK, INC., a Delaware corporation; SENIOR OPERATIONS, LLC, a limited liability company; THOMAS DEENEY; and Does 1 through 100,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:20-cv-2359-TWR-BLM<br><br>**REPORT AND RECOMMENDATION TO APPROVE MINORS' COMPROMISE (ECF 29)** |

　　　Plaintiffs seek an order approving a proposed settlement of the minors' claims. Because the settlement serves the minors' best interests, the Court recommends that the motion to approve the minors' settlement be granted.

## BACKGROUND

　　　This suit arises from allegations that defendants, as landlords, failed to adequately address mold build-up in plaintiffs' military housing. (*See* ECF 1-2, at 14-19.) As a result, plaintiffs sued for various types of negligence, breach of warranty, fraud, constructive eviction, and premises liability, all arising under California law. (*See generally* ECF 1-2.) As a result of the failure to adequately clean the mold, plaintiffs claim they underwent "wheezing, coughing, and allergic reactions," with minor plaintiff C.S. suffering from greater issues including "pediatrician prescribed medication to treat the presenting ailments including steroids, inhalers, breathing treatments, and a rescue inhaler." (*Id.* at 15-16.) Plaintiffs lived as defendants' tenants for one year. (*Id.* at 14.)

1

With the help of another Magistrate Judge, the parties reached a settlement agreement. (*See* ECF 208-1, at 2.) The proposed gross settlement amount is $75,000. (ECF 29, at 4.) Of that, C.S. will receive $5,000 and A.S. $3,000. (*Id.*) After attorney's fees and costs are removed, C.S.'s net recovery will be $3,669.50 and A.S.'s net recovery will be $2,206.72. (*Id.*) Cody and Michelle Smith, the other plaintiffs and the minors' parents, will receive the remainder. (*Id.*) The parties propose to deliver C.S. and A.S.'s recovery to Cody and Michelle "to be held in trust" "until the minor plaintiffs reach the age of majority." (*Id.*) In support of the proposed recovery distribution, plaintiffs argue that Cody and Michelle's damages include paying rent for an uninhabitable home and "between $25,000 and $30,000 in costs for moving, cleaning property via an independent restoration company, and replacing personal property that was exposed to mold spores but could not be effectively cleaned." (ECF 29-1, at 3.) Plaintiffs also indicate that both minors have fully recovered from the mold exposure and have no "ongoing symptoms or illness." (ECF 29-1, at 7.)

## DISCUSSION

District courts have "a special duty" to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the settlement context, that duty requires the court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (citations omitted). The Court is required to limit the scope of its review to "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minors' specific claim, and recovery in similar cases." *Id.* at 1182. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.*

This Court's Local Rules also contemplate the use of the California procedures to approve minors' compromises. *See* CivLR 17.1(b)(1) ("Money or property recovered by a minor or incompetent California resident by settlement or judgment must be paid and

disbursed in accordance with California Probate Code Section 3600, et seq."). Relevant to this settlement, those sections authorize the court, if it is in the best interests of the child, to order the settlement funds to be deposited "in an insured account in a financial institution in this state . . . subject to withdrawal only upon the authorization of the court" or even directly paid "to a parent of the minor" if the minors' estates "do[] not exceed five thousand dollars ($5,000)." Cal. Prob. Code 3611(b) & (e).

This settlement is in the best interests of C.S. and A.S. The undersigned did not participate in this case until now but has held settlement conferences and motion hearings in similar cases against the same or similar defendants. *See, e.g.*, *Lopez v. San Diego Family Housing,* LLC, 20-cv-1915-JAH-AGS, at ECF 10 (settlement conference) & ECF 41 (motion hearing). Thus, the Court is familiar with the legal issues that arise in these cases. Although at first blush plaintiffs appear to have a good case, litigation is always uncertain, especially pre-discovery. There is additional risk in this case, as it was subject to a motion to dismiss based on jurisdictional grounds that may have foreclosed plaintiffs' suit entirely. (*See* ECF 23.) Plaintiffs also faced several costly medical battles to prove causation and damages, not to mention the potential delay caused by additional years of litigation. Finally, the minor plaintiffs are no longer in contact with any mold at defendants' properties, and they have fully recovered without continuing effects. (ECF 29-1, at 7 ("Neither [C.S] nor [A.S.] has any ongoing symptoms or illness.").) Each of these facts weighs in favor of the settlement being fair and in the minors' best interests.

To the extent the Court must consider it under California procedures, the proposed distribution is also appropriate. *Napier v. San Diego Cty.*, No. 315CV00581CABKSC, 2017 WL 5759803, at *3 (S.D. Cal. Nov. 28, 2017) ("In California, courts are required to approve the attorneys' fees to be paid for representation of a minor."). Although the parents are receiving the lion's share of the gross settlement amount, they bore the greater share of costs through rent, moving expenses, and property replacement. Moreover, although the original contingency fee agreement with the parents allowed for a 40% attorney's fee, counsel is only requesting 25% of the minors' proposed settlement amounts after costs.

(*See* ECF 29-1, at 24 (If settlement is obtained anytime after 12 weeks before the first date set for trial, our law firm is entitled to forty percent (40%) of the total recovery.")); *Napier*, 2017 WL 5759803, at *3 ("Generally, fees in minors['] cases have historically been limited to 25% of the gross recovery."). With those points in mind, and the fact that litigation is always uncertain, the Court concludes that the proposed settlement is fair, reasonable, and in the minors' best interests.

The Court's fairness conclusion is buttressed by other approved settlements. In another case settled against most of the same defendants arising out of very similar mold allegations, the Court approved a smaller net recovery of "$1,277.04" for a minor out of a similar gross recovery of "$69,000." *Doe v. Lincoln Mil. Prop. Mgmt. LP*, No. 320CV00224GPCAHG, 2020 WL 5587488, at *10 (S.D. Cal. Sept. 18, 2020), *adopted*, No. 320CV00224GPCAHG, 2020 WL 5810168 (S.D. Cal. Sept. 30, 2020). That recovery was for a minor who, similar to the minors here, suffered "wet coughs, eye infections, sinus infections, lethargy, and shortness of breath." *See id.* at *1. A second minor in that suit received a larger net recovery, $19,793.29. *Id.* at *10. But that minor's "exposure to toxic mold also exacerbated his autism, regressing his behavioral and speech therapy progress" and caused his "withdraw[al] from school." *Id.* at *1. So the Court concludes that comparison with that case—the most directly applicable case the Court could locate—supports both the overall distribution and specifically the slightly larger distribution in this case to C.S. given his more serious symptoms.

Finally, the procedure for disposition of the funds—turning them over to the parents for care until the minors reach the age of majority—is consistent with the California Probate Code, since the resulting net estate for each minor is less than $5,000. *See* Cal. Prob. Code 3611(e); (ECF 29-2, at 2).

## CONCLUSION

The settlement here is in the best interests of the children, in line with settlements in similar cases, and in compliance with this Court's local rules. Accordingly, the Court RECOMMENDS:

4

1. The motions to approve the settlements (ECF 29) be **GRANTED**.
2. The compromise and settlement of the claims of the minors C.S. and A.S. be **APPROVED** as fair and reasonable and in the best interests of the minor plaintiffs.
3. The minors' net recovery—$3,669.50 and $2,206.72, respectively—be paid to Cody and Michelle Smith to be held until the minors reach the age of majority. (*See* ECF 29-2, at 2.)

Any objections to this report and recommendation are due by September 22, 2021. *See* 28 U.S.C. 636(b)(1). A party may respond to any such objection within 14 days of being served with it. *See* Fed. R. Civ. P. 72(b)(2).

Dated: September 8, 2021

_____
Hon. Andrew G. Schopler
United States Magistrate Judge